CITY OF CINCINNATI, APPELLANT, *v.* THE BOSSERT MACHINE CO. ET AL., APPELLEES.

(No. 68-225—Decided December 18, 1968.)

*Mr. William A. McClain*, city solicitor, and *Mr. Thomas H. Crush*, for appellant.

*Mr. Philip J. Schneider*, for appellees.

SCHNEIDER, J. The Court of Appeals did not give proper effect to our decisions sustaining a similar appropria-

tion procedure. Although *Masheter* v. *Huysman,* 177 Ohio St. 118, and *In re Appropriation of Easements,* 172 Ohio St. 338, involved Chapter 5519, Revised Code, the applicable procedure in those cases is virtually identical with that prescribed by Chapter 163. The distinction is terminological. Hence, the difference is insubstantial.

Under Section 5519.02, Revised Code, the owner's challenge to the finding of value by the Director of Highways is by "petition." Section 163.08, Revised Code, designates the owner's pleading as an "answer." In either case, the purpose of the responsive pleading is to raise the issue of the proper valuation. In both of the above-mentioned highway appropriation cases, the landowners filed "petitions" by leave of court after the statutory time had passed. We held that the trial court had no power to extend the statutory time. The same reasoning controls this case.*

Appellees' sole argument here is that the length of time permitted to them by the statute to respond to the proceeding by the city prevented them from having their property properly appraised on their behalf and from including their valuation of the property, based on that appraisal, in their answer. We are unable to relate that argument to their conceded right, if not waived, to a trial of the valuation issue by a jury. A statement of the amount of their claim for compensation in their answer could serve no useful purpose. It is disfavored practice to submit the pleadings to the jury. The duty of that body is to resolve conflicting contentions of the parties from the evidence and not from the claims contained in the pleadings.

The Constitution of Ohio authorizes the General Assembly to define the jurisdiction of the Court of Common

---

*TAFT, C. J., and the writer believe that the following phrase should have appeared at the end of this sentence: "where as in each of those cases, the landowner advanced no reasonable justification for failure to file his responsive pleading within the time provided by the statute." Similarly, paragraph one of the syllabus should be so qualified. The majority of the court, however, adheres to the rule that the time for filing the answer is jurisdictional. *Masheter* v. *Huysman,* 177 Ohio St. 118.

Pleas. But the power to grant jurisdiction includes the power to withhold it. *Madjorous* v. *State,* 113 Ohio St. 427, 431. In this instance, the General Assembly has merely exercised its prerogative to prescribe procedures not inconsistent with the jurisdiction granted. See *In re Miller,* 160 Ohio St. 529, 537.

Although Section 2309.42, Revised Code, confers upon the courts the general power to extend the time for filing any pleading upon the showing of good cause, that general power to extend time was withdrawn from land appropriation cases under Chapter 163 by the provisions of Section 163.08, Revised Code, quoted above. The rule is that a specific statute will prevail over the provisions of a prior enacted general statute. *State, ex rel. Bd. of Edn.,* v. *Schumann,* 7 Ohio St. 2d 41, 43; *Acme Engineering Co.* v. *Jones,* 150 Ohio St. 423; 50 Ohio Jurisprudence 2d 82, *Statutes,* Section 102.

Appellees claim, and the Court of Appeals held, that their right under Section 19, Article I of the Constitution, to have a jury fix the compensation for the property taken was violated by the instant procedure. But the right to a jury trial, though inviolate, may be waived. *Cassidy* v. *Glossip,* 12 Ohio St. 2d 17; *Bethesda Hospital Assn.* v. *Preston,* 175 Ohio St. 277. The constitutional guarantee of a jury trial nonetheless permits the legislative branch to set forth procedures by which the jury is obtained. *Reckner* v. *Warner,* 22 Ohio St. 275. See, also, 30 Corpus Juris Secundum, 36 and 407, *Eminent Domain,* Sections 281 and 372. Appellees' failure, without justification, to conform to those procedures constitutes waiver of a trial by jury.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

Taft, C. J., Zimmerman, Matthias, O'Neill and Brown JJ., concur.

Herbert, J., dissenting. I dissent for the reasons set out in the syllabus of the opinion of the Hamilton County

Court of Appeals in this case reported in 14 Ohio App. 2d 35.

Section 2309.42 of the Revised Code reads:

"Upon such terms as are just, the court, or a judge thereof in vacation, for good cause shown, may extend the time for filing any pleading."

The foregoing statute has been the law of Ohio without substantial change since 1851. It recognizes the inherent power of a court to do all things necessary to the administration of justice and to protect its own powers and processes and the rights of those who invoke its processes. See *State, ex rel. Pfeiffer,* v. *Common Pleas Court,* 13 Ohio St. 2d 133, and cases cited therein. Such power inheres in the constitutional grant of judicial power to the courts, and is beyond the power of the General Assembly to abridge. Ibid.; *Hale* v. *State,* 55 Ohio St. 210.

The right of a landowner to be compensated for private property taken for public use is not statutory, but guaranteed by Section 19 of Article I and Section 5 of Article XIII of the Constitution of Ohio, which also assures that a jury shall determine the amount of such compensation. Rights so secured cannot be taken away by legislation such as Section 163.09(A), Revised Code.

"The fundamental requirement of due process of law is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which constitutional protection is involved." *Anderson National Bank* v. *Luckett,* 321 U. S. 233.

For these reasons, the judgment of the Court of Appeals for Hamilton County should be affirmed.