CITY OF TOLEDO, APPELLANT, *v.* CUSTER, APPELLEE.

[Cite as Toledo v. Custer (1970), 24 Ohio St. 2d 152.]

(No. 69-718—Decided December 23, 1970.)

*Mr. Louis R. Young*, director of law, *Mr. Charles A. Stupsker* and *Mr. John C. Huffer*, for appellant.

*Mr. James R. Fazekas* and *Mr. Arthur R. Cline*, for appellee.

SCHNEIDER, J. Having resolved to appropriate for public purposes certain real estate owned by appellee, Custer, and being unable to agree with the owner upon the value thereof, the city of Toledo invoked the provisions of R. C. 163.01 *et seq.* (Uniform Eminent Domain Act) by filing a petition in the Lucas County Court of Common Pleas on June 8, 1967, alleging the value of the real estate to be $15,500 and praying "that upon filing of an answer herein the court fix a time for the assesment by a jury of the compensation to be paid."

Summons was served upon appellee who makes no claim of lack of knowledge of the import of the pending action or lack of understanding that rule day for answer was Saturday, July 8, 1967, or at most Monday, July 10, 1967. In fact, on July 6, 1967, an entry was recorded, en-

dorsed by one of the judges of the court, granting appellee leave to move before July 17 or to plead before July 31, apparently upon a written application to the local assignment commissioner pursuant to Rule 7 of the Rules of Practice of the Lucas County Court of Common Pleas.[1]

Appellee filed an answer on July 27, 1967, the effect of which was simply to put in issue the value of the real estate asserted in the petition and to join in the prayer thereof for a jury trial on that issue. Appellee advances no reasonable justification why such an uncomplicated answer could not have been filed on July 8.

We assumed jurisdiction of this appeal to reassess our holding in *Cincinnati* v. *Bossert* (1968), 16 Ohio St. 2d 76, in the light of the facts in the instant case which antedated that case. Upon examination of the record now before us, we are disposed to adhere to the doctrine of *Bossert*, as well as *Masheter* v. *Huysman* (1964), 177 Ohio St. 118, and *In re Appropriation of Easements* (1961), 172 Ohio St. 338, upon which *Bossert* was based—that a Court of Common Pleas may not in an appropriation case extend the rule day for answer prescribed by R. C. 163.08.[2]

In this case, after the statutory rule day had passed, without an answer being filed, a "statute of limitation" ran against appellee.

Thereafter, the trial court, although retaining jurisdiction generally of the subject matter of the action, no longer had jurisdiction to adjudicate any issue which might properly have been raised by answer, if Toledo had chosen to raise, in a timely manner, the issue of appellee's allowance of the "statute of limitation" to run against her. The

---

[1]Rule 7 of the Rules of Practice of the Common Pleas Court of Lucas County reads:

"Section 2309.41, Revised Code, prescribing rule day for pleadings will be strictly enforced.

"By advance written application to assignment commissioner, an extension of time to file pleadings for a period of 30 days after rule day will be granted.

"Additional time thereafter may be granted only by the court pursuant to Section 2309.42, Revised Code, upon terms.

"Pleadings are defined by Section 2309.02, Revised Code, as petition, answer, reply and demurrers and do not include motions."

real question for our resolution in this case is: Did Toledo do so?

Following the belated filing of the answer, no activity took place in the case until September 26, 1967, when, at a pre-trial conference, the case was set for trial on January 8, 1968, apparently without objection on the part of Toledo. It was more than two months after September 26 that Toledo first raised the issue of the legal standing of the answer by a motion to strike. That motion, as well as a subsequent motion to declare the value of the property taken as set forth in the petition, was finally overruled on May 28, 1968, by the trial court, which, in a written opinion, held that R. C. 163.08[2] and 163.09 (A)[3] were unconstitutional insofar as they prohibit the court from permitting the answer to stand and from proceeding with a jury trial for the assessment of compensation.

Justice Zimmerman, speaking for six members of

---

[2] R. C. 163.08 reads:

"Any owner may file an answer to such petition. Such answer shall be verified as in a civil action and shall contain a general denial or specific denial of each material allegation not admitted. The agency's right to make the appropriation, the inability of the parties to agree, and the necessity for the appropriation shall be resolved by the court in favor of the agency unless such matters are specifically denied in the answer and the facts relied upon in support of such denial are set forth therein, provided, when taken in time of war or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads, which shall be open to the public, without charge, an answer may not deny the right to make the appropriation, the inability of the parties to agree, or the necessity for the appropriation. Any answer shall be filed on or before the third Saturday after the return day of the summons or service by publication as set forth in Section 163.07 of the Revised Code. No extension of time for filing of an answer shall be granted."

[3] R. C. 163.09 (A) reads:

"(A) If no answer is filed pursuant to Section 163.08 of the Revised Code, nor approval ordered by the court to a settlement of the rights of all necessary parties, the court on motion of a public agency shall declare the value of the property taken and the damages, if any, to be as set forth in any document properly filed with the clerk of courts, by the public agency. In all other cases the court shall fix a time, within twenty days from the last date that such answer could have been filed, for the assessment of compensation by a jury."

the court in *Masheter* v. *Huysman, supra* (177 Ohio St. 118), said, at pages 119 and 120, that "the overruling of such a motion constitutes an order affecting a substantial right of the losing party" and is a final appealable order "entitled to recognition as such."

Therefore, the choice of Toledo, in abandoning its right to appeal in the instant special proceeding' from the overruling of its motions to strike the answer and to declare the value of the property, in favor of putting the property owner to the time and expense of a jury trial (which jury trial commenced as late as September 9, 1968) on the issue of value constituted a waiver of the provisions of R. C. 163.09 (A) just as if Toledo had not filed the motions. The situation is analogous to a statute of limitation which is not called to the attention of the court. See R. C. 2305.03, providing that "when interposed by proper plea by a party to an action . . . lapse of time shall be a bar thereto." The situation is no different than the failure to assert an affirmative defense or an objection to a pleading. Civil Rule 12 (H).

After judgment on the verdict of the jury finding the value of the real estate to be $22,500, Toledo then appealed to the Court of Appeals, assigning as error on the part of the trial court the extension of the time to file the answer. The Court of Appeals affirmed that action, distinguishing the case from *Cincinnati* v. *Bossert, supra* (16 Ohio St. 2d 76), and *Masheter* v. *Huysman, supra* (177 Ohio St. 118). Those cases are not distinguishable from the instant case.

For the reasons set forth herein, and for the additional reason that Toledo has not demonstrated that the proceedings below were prejudicial to its substantial rights or did not accord it substantial justice (R. C. 2309.59), the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Duncan, Corrigan, Stern and Leach, JJ., concur.

Herbert, J., concurs in the judgment only.

---

'See *State* v. *Collins* (1970), 24 Ohio St. 2d 107, for a discussion of a "special proceeding" as that term is used in R. C. 2505.02.