NEWTON, APPELLANT, *v.* REPUBLIC STEEL CORP., APPELLEE.

(No. 69-792—Decided February 3, 1971.)

*Mr. George R. Royer*, for appellant.
*Mr. H. William Bamman*, for appellee.

*Per Curiam.* R. C. 2505.07 specifically provides:

"After the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk for journalization, * * * *the period of time within which the appeal shall be perfected*, unless otherwise provided by law, is as follows:

"(A) Appeals * * * to Courts of Appeals * * * shall be perfected within twenty days.

"When a motion for a new trial * * * is filed * * * then the time of perfecting the appeal does not begin to run, *and an appeal shall not be taken*, until the entry of the order overruling or sustaining * * * the motion for a new trial * * * shall have been filed." (Emphasis added.)

In this case the purported notice of appeal was defective and a nullity because it was filed during a period

of time when, under the provisions of R. C. 2505.07, quoted above, "an appeal shall not be taken."

The appellant concedes that the purported notice of appeal filed in the Common Pleas Court was a nullity. He contends, however, that his "Notice to Amend Notice of Appeal," *filed in the Court of Appeals*, is a sufficient and valid notice of appeal, notwithstanding the fact that it was filed to amend an admittedly defective notice of appeal, which was a nullity.

The motion to amend, which was filed in the Court of Appeals within the period of time when a notice of appeal could have been properly filed, can not in and of itself, or in conjunction with the void notice of appeal, serve as a valid notice of appeal because it does not comply with the jurisdictional requirement of R. C. 2505.04 that "an appeal is perfected when written notice of appeal is filed *with the lower court * * *."* (Emphasis added.)

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

O'Neill, C. J., Herbert, Duncan, Guernsey, Stern and Leach, JJ., concur.

Schneider, J., concurs in the judgment only.

Guernsey, J., of the Third Appellate District, sitting for Corrigan, J.

Schneider, J., concurring. In my opinion, the reasoning of the court is hypertechnical. In view of the fact, however, that the appellant concedes that the purported notice of appeal which he filed in the Court of Common Pleas was a nullity, I concur in the judgment.