CITY OF CINCINNATI, APPELLANT, *v.* GLASSMEYER ET AL.,
APPELLEES.

(No. 11550—Decided June 14, 1971.)

*Messrs. William A. McClain* and *Robert S. Holzman,*
for appellant.
*Messrs. Ambrose Lindhorst* and *Joseph Schwartz,* for
appellees.

*Per Curiam.* This matter comes before us upon motion
by defendant, appellees herein, for dismissal of the appeal
on the ground that it is taken from an order made more
than forty days prior to the filing of the notice of appeal.

From the record it appears that on December 21, 1966,
the city of Cincinnati filed its petition in an action for
appropriation of real estate owned by Elizabeth F. and
Elmer J. Glassmeyer. The return by the sheriff indicates
that the owners were served by his leaving "a true copy
of this writ with all the endorsements thereon at their usu-
al place of residence."

On January 31, 1967, the city moved for a declaration
of value of the real estate, alleging that the Glassmeyers
had failed to answer the petition within the time provided
by R. C. 163.08 and R. C. 163.09.

On February 7, 1967, the Glassmeyers filed, by leave of court, their answer praying that a jury be impaneled to establish the value of the property.

On February 14, 1967, the city moved to strike the answer of the owners because it was not filed within time. Memoranda were submitted and, after hearing, the motion for declaration of value and the motion to strike were overruled and the city excepted. The order was journalized March 29, 1967.

No further activity took place in the case for almost three years. On January 8, 1970, the city moved the court to "reconsider the declaration of value docketed by the city" and to set aside the entry overruling the motion to strike the owners' answer.

On May 26, 1970, Elizabeth F. Glassmeyer moved the court to quash service of summons originally had on the ground that it had not been made at her usual place of residence, filing in support thereof her affidavit that on December 21, 1966, the date of service, she was in residence in the state of Florida and did not receive the summons left by the sheriff until after the answer day.

On December 31, 1970, the city moved for a declaration of value in exactly the same form it had so moved on January 31, 1967.

On January 5, 1971, the court overruled the city's motion to reconsider "the declaration of value" and its motion to set aside the entry overruling the motion to strike. On the same day, Elizabeth F. Glassmeyer's motion to quash service of summons was overruled.

On January 21, 1971, the motion of the city for a declaration of value filed December 31, 1970, was overruled and, forthwith, the city filed the notice of appeal from the judgment entered January 21, 1971.

We believe that the situation here presented parallels in many respects that set forth in *Toledo* v *Custer*, 24 Ohio St. 2d 152.

Since the Supreme Court decided *Cincinnati* v. *Bossert*, 16 Ohio St. 2d 76, in 1968, it has been clear that a Court of Common Pleas may not in an appropriation case

extend the rule day for answer prescribed by R. C. 163.08.

The leave granted the Glassmeyers to file their answer although antedating the decision in *Bossert, supra,* was then erroneous. However the city chose not to appeal and permitted almost three years to pass before taking action to advance its interests in the case.

That the order of the Court of Common Pleas of March 29, 1967, overruling the city's motion to strike the answer of the owners was a final appealable order cannot be questioned in the light of the pronouncement in *Masheter* v. *Huysman,* 177 Ohio St. 118, at pages 119 and 120, quoted in *Custer, supra,* at page 155 that "the overruling of such a motion constitutes an order affecting a substantial right of the losing party" and is a final appealable order "entitled to recognition as such."

The failure of the city to appeal the order of March 29, 1967, persuades us to apply, as did six members of the Supreme Court in *Custer, supra,* in considering the choice of the city of Toledo to abandon its right to appeal, the rationale as phrased by Justice Schneider in the *Custer* decision, at page 155, as follows:

"Therefore, the choice of Toledo, in abandoning its right to appeal in the instant special proceeding from the overruling of its motions to strike the answer and to declare the value of the property, in favor of putting the property owner to the time and expense of a jury trial (which jury trial commenced as late as September 9, 1968) on the issue of value constituted a waiver of the provisions of R. C. 163.09(A) just as if Toledo had not filed the motions. The situation is analogous to a statute of limitation which is not called to the attention of the court. See R. C. 2305.03, providing that 'when interposed by proper plea by a party to an action . . . lapse of time shall be a bar thereto.' The situation is no different than the failure to assert an affirmative defense or an objection to a pleading. Civil Rule 12 (H)."

The city of Cincinnati slept on its rights not only permitting the statutory time for appeal to elapse but for almost thirty-four months thereafter. It is patent to us

that the motion for a declaration of value filed December 31, 1970 was a ploy.

This court has stated, in the syllabus of *Rose* v. *Rose*, 23 Ohio App. 2d 201, that,

"A trial court may not re-enter a judgment at a subsequent date for the sole purpose of fixing a new date for an appeal therefrom."

See also, *Newton* v. *Republic Steel Corp.*, 25 Ohio St. 2d 42.

Because the city moved in exactly the same form on December 31, 1970 as it had on January 31, 1967, and there is nothing before us to indicate any new matter brought before the Court of Common Pleas, the conclusion is inescapable that it did so to obtain what it now asserts to be a final appealable order. The city abandoned its right to appeal as set forth hereinabove and cannot now recover such.

The motion to dismiss this appeal is granted because such appeal is not timely filed, and the cause is remanded to the Court of Common Pleas of Hamilton County for further proceedings according to law.

*Appeal dismissed.*

Hess, P. J., and Young, J., concur.
Shannon, J., not participating.