164

CITY OF AKRON, APPELLEE, *v.* GAY ET AL., APPELLANTS.

[Cite as Akron v. Gay (1976), 47 Ohio St. 2d 164.]

(No. 75-715—Decided July 21 , 1976.)

*Mr. William R. Baird*, director of law, and *Mr. Randall A. Cole*, for appellee.

*Amer, Cunningham & Brennan Co., L. P. A., Mr. Bernard J. Amer* and *Mr. Richard T. Cunningham*, for appellants.

PAUL W. BROWN, J. The question presented is whether the restriction upon extension of the answer date contained in R. C. 163.08 is jurisdictional (and substantive), or whether, as appellant contends, it is procedural. If the stat-

ute is jurisdictional, it is a substantive law of this state, and cannot be abridged, enlarged, or modified by the Ohio Rules of Civil Procedure. If the statute is procedural, it conflicts with the clear language of Civ. R. 6(B)(2),[3] and is of no force and effect. Section 5(B), Article IV, Ohio Constitution; *Boyer* v. *Boyer* (1976), 46 Ohio St. 2d 83; *State* v. *Hughes* (1975), 41 Ohio St. 2d 208; *Morrison* v. *Steiner* (1972), 32 Ohio St. 2d 86; *Krause, Admr.,* v. *State* (1972), 31 Ohio St. 2d 132.

R. C. 163.08 provides, as pertinent:

"* * * Any answer shall be filed on or before the third Saturday after the return day of the summons or service by publication as set forth in Section 163.07 of the Revised Code. *No extension of time for filing of an answer shall be granted."* (Emphasis added.)

In *Cincinnati* v. *Bossert Machine Co.* (1968), 16 Ohio St. 2d 76, and *Toledo* v. *Custer* (1970), 24 Ohio St. 2d 152, this court held that R. C. 163.08 is jurisdictional, and that a Court of Common Pleas may not extend the answer date prescribed therein.

In *Bossert,* a Court of Appeals decision which allowed extension of the statutory date for filing an answer was reversed. At pages 77-79, we stated:

"The Court of Appeals did not give proper effect to our decisions sustaining a similar appropriation procedure. Although *Masheter* v. *Huysman,* 177 Ohio St. 118, and *In re Appropriation of Easements,* 172 Ohio St. 338, involved

---

[3] Civ. R. 6(B) provides:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rule 50(B), Rule 59(B), Rule 59(D) and Rule 60(B), except to the extent and under the conditions stated in them."

Chapter 5519, Revised Code, the applicable procedure in those cases is virtually identical with that prescribed by Chapter 163. The distinction is terminological. Hence, the difference is insubstantial.

"Under Section 5519.02, Revised Code, the owner's challenge to the finding of value by the Director of Highways is by 'petition.' R. C. 163.08 designates the owner's pleading as an 'answer.' In either case, the purpose of the responsive pleading is to raise the issue of the proper valuation. In both of the above-mentioned highway appropriation cases, the landowners filed 'petitions' by leave of court after the statutory time had passed. We held that the trial court had no power to extend the statutory time. The same reasoning controls this case.* [See footnote, *infra.*] "* * *

"The Constitution of Ohio authorizes the General Assembly to define the jurisdiction of the Court of Common Pleas. But the power to grant jurisdiction includes the power to withhold it.* * *"

In a footnote to *Bossert*, at page 78, Justice Schneider wrote:

"Taft, C. J., and the writer believe that the following phrase should have appeared at the end of this sentence: 'where as in each of those cases, the landowner advanced no reasonable justification for failure to file his responsive pleading within the time provided by the statute.' Similarly, paragraph one of the syllabus should be so qualified. *The majority of the court, however, adheres to the rule that the time for filing the answer is jurisdictional. Masheter* v. *Huysman,* 177 Ohio St. 118." (Emphasis added.)

In *Custer,* at page 153, we reaffirmed our holding in *Bossert*:

"* * * Upon examination of the record now before us, we are disposed to adhere to the doctrine of *Bossert*, as well as *Masheter* v. *Huysman* (1964), 177 Ohio St. 118, and *In re Appropriation of Easements* (1961), 172 Ohio St. 338, upon which *Bossert* was based—that a Court of Common

Pleas.may.not in an appropriation case extend the rule day for answer prescribed by R. C. 163.08.* * *

"In this case, after the statutory rule day had passed, without an answer being filed, a 'statute of limitation' ran against appellee.

"Thereafter, the trial court, although retaining jurisdiction generally of the subject matter of the action, no longer had jurisdiction to adjudicate any issue which might properly have been raised by answer* * *.'"

Appellants' view that adoption of Civ. R. 6(B)(2) subsequent to our decisions in *Bossert* and *Custer* would alter the result in those cases is without merit. Civ. R. 6(B)(2) restates, in different language, the provision for extension of rule day previously contained in R. C. 2309.42 (repealed effective July 1, 1971). In *Bossert*, we held that the extension of time allowed by R. C. 2309.42 was not applicable to appropriation proceedings under R. C. Chapter 163. To argue that movement of that provision from statute to rule can change its effect upon a separate statute which has never been subject to its terms is untenable. See Civ. R. 82.

Appellants contend, in effect, that Mrs. Gay filed her answer within the time limit prescribed by R. C. 163.08; and, further, that for the purpose of stating the value of property to be appropriated, a complaint does not constitute a "document properly filed with the clerk of courts." R. C. 163.09(A).

R. C. 163.08, as written, required appellant's answer to be filed "on or before the third Saturday after the return day of the summons.* * *" The return day statute, R. C. 2703.05, has been repealed. Therefore, the Court of Appeals held that the answer date in an appropriation pro-

---

*Custer* holds further, in a proposition not made part of the syllabus, that by failing to file a timely appeal from a trial court ruling improperly extending the answer date, an appropriating agency waives the jurisdictional defect. That issue is not before the court in this cause, and we intimate no view as to the soundness of *Custer* in this regard.

ceeding is now 28 days after service of the summons and complaint. Civ. R. 12(A).[5]

Without doubt, the Court of Appeals is correct in its conclusion. However, this requirement should be applied prospectively only, so as to give a party sufficient notice as to what is required.

Here, service of the summons and complaint upon appellants was effective March 13. Appellant served her answer upon the city on April 11, 29 days later, within the time limitation contained in R. C. 163.08.

Prior to 1967, R. C. 163.09(A) required the statement of value be set forth in "the petition." In 1967, R. C. 163.-09(A) was amended, to allow the statement of value to be contained in "any document properly filed with the clerk of courts." The purpose of the amendment was not, as appellant argues, to restrict those documents in which value might be stated to one filed subsequent to the complaint, but was, rather, to extend the time within which an appropriating agency might set forth its final conclusion of value. See *Bd. of Edn.* v. *Dudra* (1969), 19 Ohio St. 2d 116. The complaint is a proper document for this purpose. In fact, when value is stated in the complaint, a defendant is afforded

---

[5] The answer date contained in R. C. 163.08 is the same as the answer date which was contained in R. C. 2309.41, applicable to pleadings generally, with the exception that R. C. 2309.41 was amended (132 Ohio Laws 931) to read: "The answer * * * shall be filed on or before the third *Monday* * * * after the return day of the summons * * *." (Emphasis added.)

R. C. 2309.41 was repealed effective July 1, 1971, because it was in conflict with Civ. R. 12(A). Section 3 of Amended House Bill No. 1201 (133 Ohio Laws 3017, 3021), the Act which repealed R. C. 2309.41, states:

"That the taking effect of the Rules of Civil Procedure on July 1, 1970, is prima-facie evidence that the sections of the Revised Code to be repealed by Section 1 are in conflict with such rules and shall have no further force or effect * * * unless a court shall determine that one of such sections, or some part thereof, has clearly not been superseded by such rules and that in the absence of such section or part thereof being effective, there would be no applicable standard of procedure prescribed by either law or rule of court. * * * "

greater opportunity to weigh the merits of contesting the compensation set forth therein.

Because we decide only the issue certified as in conflict, the judgment of the Court of Appeals is reversed, and the cause remanded to the Court of Common Pleas for further proceedings consistent with this opinion.

*Judgment reversed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE and W. BROWN JJ., concur.

HERBERT, J., concurs in the judgment.