SAKIAN, APPELLEE, *v.* TAYLOR ET AL.; SHAKER HEIGHTS CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT.

(No. 47680—Decided June 25, 1984.)

*Gregory T. Holtz,* for appellee.
*Robin G. Weaver, Kathryn L. Roseen* and *Robert T. Baker,* for appellant.

PRYATEL, J. Defendant-appellant Shaker Heights City School District Board of Education (hereinafter "the board") appeals from an order which granted plaintiff-appellee Peter Sakian's motion for reconsideration of its earlier order granting a motion to dismiss the board. For the following reason, we reverse and remand.

Peter Sakian sustained injuries when the bleachers upon which he was standing gave way underneath him. These bleachers were located at the Shaker Heights High School. Sakian filed a negligence suit against the board, as well as twelve other individually named defendants.[1]

On April 28, 1981 the board filed a motion to dismiss itself as a party on the grounds of sovereign immunity. The trial court denied this motion on July 30, 1981, and the board filed an answer to the complaint.

On May 14, 1982, the board filed a motion for reconsideration of the decision to deny the motion to dismiss. The court did not respond to this motion. After a lengthy period of discovery, with requests for extensions from both par-

---

[1] These defendants included the following: the Superintendent of Shaker Heights Schools, the president of the board, four other individual members of the board, the maintenance director for the high school, and five other individual employees of the maintenance department.

ties, the board on April 1, 1983 again requested the court to dismiss the board on the ground of sovereign immunity. Sakian filed a brief in opposition.

This time the court granted the motion and dismissed the board in a journal entry filed on June 20, 1983. In this entry the court stated that there was "no just reason for delay."

However, Sakian did not appeal that order. On August 10, 1983, the Ohio Supreme Court abrogated the defense of sovereign immunity for school boards. *Carbone* v. *Overfield* (1983), 6 Ohio St. 3d 212. Thereafter, Sakian apparently made a motion for reconsideration of the court's order dismissing the board.[2] On October 3, 1983, the court granted Sakian's motion for reconsideration and reversed its earlier order to dismiss the board. This appeal followed.

Appellant raises one assignment of error for our review.

"Assignment of error

"I. The trial court erred in granting plaintiff-appellee's motion for reconsideration of its earlier dismissal of the amended complaint against defendant-appellant."

Appellant argues that the trial court erred in granting the motion for reconsideration, which allowed Sakian to circumvent his failure to timely appeal the trial court's earlier decision to dismiss the board.

A motion for reconsideration filed after a final judgment of the trial court must be viewed as a nullity. *Pitts* v. *Dept. of Transportation* (1981), 67 Ohio St. 2d 378 [21 O.O.3d 238]. See, also, *Cleveland Heights* v. *Richardson* (1983), 9 Ohio App. 3d 152; *Kauder* v. *Kauder* (1974), 38 Ohio St. 2d 265 [67 O.O.2d 333].

App. R. 4(A) provides that a notice of appeal must be filed within thirty days of the final judgment, and a party may not extend that thirty-day period by filing a "motion for reconsideration" of that final order. *Pitts, supra,* at 380; *Kauder, supra,* at 267; *William W. Bond, Jr. & Assoc.* v. *Airway Development Corp.* (1978), 54 Ohio St. 2d 363, 365 [8 O.O.3d 384].

In the instant case, the dismissal of the school board was a final appealable order. When multiple parties are involved in a lawsuit, the trial court may enter final judgment as to one of the parties if accompanied with an express determination that there is no just reason for delay; otherwise the order is subject to revision at any time. Civ. R. 54(B).[3] In the final order dismissing the board (filed on June 20, 1983), the trial court expressly stated that there was "no just reason for delay." Thus, Sakian

---

[2] Both parties state in their briefs that this motion was filed; however, no such motion appears in the record, nor does the docket indicate that such a motion was actually filed. The only indication that such a motion was made is a stipulation by both parties to give the board leave to oppose the motion. Of course, the court's journal entry granting such motion also indicates that the motion was made. However, this court cannot determine from the record whether the motion was made orally or in writing.

[3] Civ. R. 54(B) provides as follows:

"Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

had thirty days to file his appeal of that order, which he never appealed. The motion for reconsideration was a nullity and could not extend the thirty-day appeal period; hence, the trial court erred in granting it. Thus, the final order filed on June 20, 1983 is the only valid final appealable order which Sakian failed to appeal within the thirty days required by App. R. 4(A).

Sakian argues that the board itself filed a motion for reconsideration after the trial court initially denied the board's motion to dismiss, and that the board can not now argue that motions for reconsideration are nullities. However, the denial of the motion to dismiss did not amount to a final appealable order; thus, the court had continuing jurisdiction to revise its order at any time. Civ. R. 54(B). See *Pitts, supra.* So long as there is no express determination that there is no just reason for delay, any order that adjudicates fewer than all claims may be revised at any time. Civ. R. 54(B), *supra.*

Sakian alternatively argues that his motion for reconsideration should be treated as a Civ. R. 60(B) motion to vacate. There is no motion for relief from judgment in the file, nor did the court or counsel ever refer to such a motion. Instead the trial court states that "plaintiff's motion for reconsideration is granted." It is well-settled that an appellate court will not address an issue that was not presented to or decided by the lower court. *Kalish* v. *Trans World Airlines* (1977), 50 Ohio St. 2d 73 [4 O.O.3d 195]; *Kuenzer* v. *Teamsters Union Local 507* (1981), 66 Ohio St. 2d 201, 204 [20 O.O.3d 205]. Since there is no indication that the trial court was presented with a motion to vacate or that Sakian asked the court to treat the motion as one requesting such relief, this court cannot address that issue here. Furthermore, since no motion to vacate appears in the file, this court can-

not determine whether appellant met the requirements of a Civ. R. 60(B) motion as set forth in *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], paragraph two of the syllabus. Appellant's assignment of error is sustained and the judgment of the trial court granting Sakian's motion for reconsideration is reversed and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

MARKUS, P.J., and COOK, J., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Eighth Appellate District.