ZEFF, Appellee,

v.

ROSE CHEVROLET, INC. et al., Appellants.

[Cite as *Zeff v. Rose Chevrolet, Inc.* (1989), 62 Ohio App.3d 54.]

Court of Appeals of Ohio,
Butler County.

No. CA88-10-146.

Decided March 6, 1989.

R.L. Burdge & Assoc. and Ronald Burdge, for appellee.

Thomas E. Humbach, for appellant Rose Chevrolet, Inc.

ON MOTION FOR RECONSIDERATION

*Per Curiam.*

This matter came on to be considered upon an application for reconsideration filed pursuant to App.R. 26 by appellants Rose Chevrolet, Inc. and John Doe, requesting this court to reconsider its November 7, 1988 *sua sponte* entry which dismissed appellant's notice of appeal, and upon a memorandum in opposition filed by counsel for appellee Irving Zeff. Upon due consideration of the foregoing, it is hereby ordered that said application for reconsideration is granted. This court hereby reconsiders its previous entry dismissing this appeal.

On June 9, 1988, counsel for appellee filed a motion pursuant to Civ.R. 23 in the Butler County Court of Common Pleas requesting that court to certify this matter as a class action. On June 16, 1988, the trial court granted said motion and ordered that this case be maintained as a class action lawsuit. On June 29, 1988, appellants filed a motion to vacate the class certification. The trial court, on September 16, 1988, issued an entry denying the motion to vacate. Appellants then filed a notice of appeal with this court on October 12, 1988. This court dismissed the matter on November 7, 1988 for the reason that the entry appealed from was not a final appealable order. Appellants subsequently filed this application for reconsideration.

In their application, appellants argue that an order certifying a case as a class action pursuant to Civ.R. 23 is a final appealable order under R.C. 2505.02, *Amato v. General Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, and thus, this court improperly dismissed the appeal. This court agrees with appellants' proposition that an order certifying a case as a class action is a final appealable order. *Id.* Nevertheless, that is not the issue before this court. The issue before this court, and the issue which this court attempted to address in its November 7 dismissal entry, is whether appellants' June 29 motion to vacate tolled the time which appellants had to appeal the trial court's June 16 order certifying this matter as a class action. We find that it was not so tolled, and therefore, that appellants' notice of appeal was not timely filed.[1]

In reviewing whether the time for filing a notice of appeal is tolled by the filing of a motion to vacate, one must first review App.R. 4. Pursuant to App.R. 4(A), notices of appeal must be filed within thirty days of the date of the entry or order appealed from. However, that thirty-day limit may be tolled only upon the filing of a Civ.R. 50(B) motion for judgment notwithstanding the verdict, a Civ.R. 59 motion for new trial, or a Civ.R. 53(E)(7) motion to vacate or modify a judgment by objections to a referee's report. App.R. 4(A). Clearly, appellants' situation in this case does not fall into any of these listed categories.

An additional consideration we must address is the meaning of the term "motion to vacate" as utilized by appellants. A review of the Revised Code indicates only a few specific references to such a phrase. These occur in criminal (R.C. 2953.21 *et seq.*), probate (R.C. 2101.33), and satisfaction of judgment (R.C. 2329.47 and 2329.58) matters, none of which applies in this instance.

One area in which the phrase "motion to vacate" is commonly, but somewhat inaccurately and inartfully, utilized is with regard to Civ.R. 60, which allows for final judgments, orders or proceedings to be "vacated" because of various clerical or non-clerical mistakes.[2] Civ.R. 60 reads as follows:

"(A) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may

---

1. Appellants' notice of appeal, if the time for filing an appeal was not tolled, was due for filing on July 16, 1988. As that date fell on a Saturday, the notice of appeal was due on Monday, July 18, 1988. Appellants, as noted *supra*, filed their notice of appeal herein on October 12, 1988.

2. Motions made pursuant to this section also are referred to, also rather unaccurately, as "motions to set aside judgments." In actuality they should more properly be phrased as "motions for relief from judgment."

be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

"(B) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

Even though orders made pursuant to such Civ.R. 60 motions generally have been held to be final appealable orders, *GTE Automatic Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113; *Bates & Springer v. Stallworth* (1978), 56 Ohio App.2d 223, 10 O.O.3d 227, 382 N.E.2d 1179, those situations are inapplicable to the case *sub judice* for one major reason.

Appellants' motion *clearly* was not made pursuant to Civ.R. 60. There is not so much as a single reference to Civ.R. 60 in appellants' motion, nor to how the motion fits into any of the categories set forth in that rule. There is no indication that the trial court's order certifying this matter as a class action should be vacated based upon a clerical mistake (Civ.R. 60[A]); upon mistake, inadvertence or excusable neglect (Civ.R. 60[B][1]); upon fraud (Civ.R. 60[B][3]); upon the satisfaction of judgment (Civ.R. 60[B][4]); or upon any other reason justifying relief (Civ.R. 60[B][5]).

Appellants' lengthy June 29 motion and memorandum concentrates *exclusively* on the requirements of Civ.R. 23 as that rule relates to the granting or denial of a motion to certify a case as a class action. In that sense,

appellants' June 29 motion appears to be nothing more than a motion for reconsideration which asks the trial court to reconsider its decision to grant appellee's motion to certify. Certainly there is no requirement in App.R. 4 which allows for the filing of such a motion to extend the time for filing an appeal. In fact, it has been held that a motion for reconsideration from a final appealable order at the trial court level is a nullity. *Pitts v. Dept. of Transportation* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105; *Sakain v. Taylor* (1984), 18 Ohio App.3d 62, 18 OBR 175, 480 N.E.2d 822.

In many ways, this case is much like *Cincinnati v. Glassmeyer* (1971), 28 Ohio App.2d 39, 57 O.O.2d 43, 273 N.E.2d 901, where the Hamilton County Court of Appeals ruled that an appeal could not be taken from a second motion which was identical to the first motion previously denied. As such, appellants, in this motion to vacate, tried to reargue to the trial court that which it should have argued to this court upon a timely appeal. *Ruper v. Smith* (1983), 12 Ohio App.3d 44, 12 OBR 131, 465 N.E.2d 927.

For the foregoing reasons, the arguments offered by appellants upon reconsideration are overruled and the relief which they seek is denied.

*Motion granted;*
*relief denied.*

HENDRICKSON, KOEHLER and YOUNG, JJ., concur.