**Stanton v. Stanton**
*[Cite as 6 AOA 53]*

*Case No. 13-89-12*
*Seneca County, (3rd)*
*Decided August 15, 1990*

*James S. Nordholt, Jr., Attorney at Law, Tomb & Hering, 88 S. Washington Street, Tiffin, Ohio 44883, for Appellant.*

*Robert M. Stanton, In Propria Persona, c/o Special Delivery, Tiffin, Ohio 44883, for Appellee.*

BRYANT, J.

This is an appeal from the judgment of the Court of Common Pleas of Seneca County.

Plaintiff-Appellant, Barbara Stanton and Defendant-Appellee, Robert Stanton were divorced on December 31, 1985. At the time of the divorce decree, the parties entered into a joint custody agreement whereby physical custody of the minor child Michael Stanton was awarded to Robert and physical custody of the minor child Megan Stanton was awarded to Barbara. Robert was ordered to pay $100.00 per month to Barbara for child support of Megan plus poundage to the clerk. Barbara had no obligation to make support payments for Michael.

On March 8, 1988, Barbara Stanton filed a motion that the court increase Robert's child support payments for Megan. A hearing was held on the motion April 27, 1988. By entry May 20, 1988, the trial court ordered Robert to pay Barbara the sum of $72.94 per week for the support of Megan.

On December 14, 1988, Robert filed a motion pursuant to Civ. R. 60(B) asking the court to vacate its May 20th judgment. On January 26, 1989, the trial court granted Robert's motion to vacate and reinstated the original terms of the joint custody agreement stating:

"The Court, after a careful review of the complete file, motion and memorandums finds that Ohio Revised Code Section 3109.04(B) (2) governs modification of joint custody decrees. Under this code section a joint custody decree cannot be modified unless the joint custodians agree to the modification. Throughout this file, these parties have continually filed additional papers which in effect ask for modification of the joint custody decree. Further, they have not been able to agree between themselves as to any modifications. The only answer to this problem is that the joint custody decree be terminated and they then proceed with whatever actions they wish to take or that they agree as to what modifications they wish to make.

"THEREFORE, IT IS HEREBY ORDERED that the Order of May 20, 1988 is hereby vacated and the original terms of the agreed joint custody are reinstated."

Barbara now appeals from that judgment asserting two assignments or aspects of claimed error.

I. THE COURT ERRED WHEN ON JANUARY 28, 1989, IT VACATED ITS MAY 20, 1988 ORDER INCREASING CHILD SUPPORT AND OPINED THAT CHILD SUPPORT COULD NOT BE MODIFIED UNLESS THE JOINT CUSTODIANS AGREED TO THE MODIFICATION.

II. THE TRIAL COURT ERRED IN VACATING IT'S PRIOR ORDER WREN DEFENDANT BAD CONSENTED TO AND NOT CONTESTED THE COURT'S AUTHORITY TO ISSUE SUCH AN ORDER.

R.C. 3109.041 (B)(2)(b)(d) sets forth the court's authority to modify joint custody agreements. To wit:

"(b) The court may modify the terms of the plan for joint care, custody, and control approved by the court and incorporated by it into the joint custody decree upon the request of one or both of the joint custodians ***. The court shall not make any modification to the plan, unless the modification is in the best interest of the children *and* the joint custodians agree to the modification ***.

"(d)*** If modification of the terms of the plan for joint care, custody, and control approved by the court and incorporated by it into the final

joint custody decree is attempted under division (B)(2)(a) of this section and the court rejects the modifications, it may terminate the final joint custody decree if it determines that joint custody is not in the best interest of the children. If the court proposes a modification to a final joint custody decree under division (B)(2)(b) of this section and the joint custodians do not agree to the modification, the court may terminate the final joint custody decree if it determines that joint custody is not in the best interest of the children."

Our review of the statutes governing joint custody agreements leads us to the conclusion that the trial court's order of May 20, 1988 increasing child support was improper. Although the order may have been in the best interest of the child as found by the trial court when it applied Supreme Court Superintendence Rule 75, both joint custodians did not agree to the increase in support payments required by statute. Even though it did not do so, the trial court might have implemented its judgment that support should be increased by ordering termination of the joint custody agreement pursuant to R.C. 3109.04(B)(2)(d) and entering a modified decree for the care, custody, and control of the children under the standards articulated in 3109.04(A) as if no joint decree had ever been granted. See, R.C. 3109.04(B)(2)(e).

However, the primary question presented by these assignments of error is not whether the trial court improperly ordered increased child support in a joint custody situation but whether the trial court abused its discretion in granting Robert Stanton's Civ. R. 60(B) motion for relief from that judgment. *Adomeit v. Baltimore* (1974), 39 Ohio App. 2d 97, 103.

Civ. R. 60(B) provides in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

The Supreme Court has frequently reaffirmed the circumstances necessary to permit the granting of relief from judgment pursuant to Civ. R. 60(B).

"In *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St. 2d 146 [1 0.0. 3d 86], this court held at paragraph two of the syllabus:

"'To prevail on a motion brought under Civ. R. 60(B)1 the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(b) (1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment; order or proceeding was entered or taken.'

"As we recently reiterated in *Argo Plastic Products Co. v. Cleveland* (1984), 15 Ohio St. 3d 389, to prevail on a motion brought under Civ. R. 60(b), a trial court must determine whether the movant has demonstrated "'*** (1) the existence of a meritorious defense or claim, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is made within a reasonable time." Should any prong of the standard for granting motions brought under Civ. R. 60(B) be unsatisfied, relief shall be denied.' *See, also, Svoboda v. Brunswick* (1983), 6 Ohio St. 3d 348, at 351." *Moore v. Emmanuel Family Training Ctr.* (1985), 18 Ohio St. 3d 64, 66-67.

Robert Stanton in his Civ. R. 60(B) motion to vacate asserted "that the Court lacks statutory authority to nonconsensually modify the parties joint custody plan pursuant to O.R.C. Section 3109.04(B)(2)." This is not an assertion of a meritorious defense or claim as required by *Argo* but is instead an assertion of error in the original judgment. *See, Freeman v. Freeman* (January 8, 1986), Marion App. No. 9-84-43 (unreported). The time to seek relief from an error in the entry of an original judgment is within 30 days of the order. App. R. 4(A).

"It is now well settled that relief under Civ. R. 60(A) and (B) may not be granted merely for the purpose of allowing an appeal which would not otherwise be considered as timely under App. R. 4(A). *Bosco v. Euclid* [(1974), 38 Ohio App. 2d 40]; *Rose v. Rose* (1970), 23 Ohio App. 2d 201; *see also, Cincinnati v. Glassmeyer* (1971), 28 Ohio App. 2d 39." *McCue v. Insurance Co.* (1979), 61 Ohio App. 2d 101. Robert Stanton cannot do indirectly that which he can no longer do direct-

ly. *Bosco, supra* at 43. The time within which he was required to take his appeal from an error in the trial court's judgment ordering the increase in child support expired 30 days following the May 20, 1988 judgment. Robert Stanton lost his right to complain about the trial court's statutory authority to non-consensually modify the parties joint custody plan long before he filed his Civ. R. 60(b) motion to vacate, for the trial court's judgment in these circumstances was not void, merely voidable upon timely appeal. *See, Eisenberg v. Peyton* (1978), 56 Ohio App. 2d 144, 151; *State, ex rel. Mayfield Heights v. Bartunek* (1967), 12 Ohio App. 2d 141, 145-46. The initial proceeding to increase child support was one in which both parties represented by counsel participated. It is the judgment in the initial proceeding that Appellee sought to overturn in his Civ. R. 60(B) motion. At the initial proceeding, no question was raised as to the judge's ability to enter the order he did, it was not challenged during the 30 days following the entry, indeed it was not raised until eight months later under Civ. R. 60(B). This is not a case where the Appellee was denied the opportunity to present a meritorious defense. The Appellee did not assert it at trial. The Appellee did not point the error out to the trial court and provide it the opportunity to correct its error. The Appellee in effect waived the error or at least consented to it. The Appellee cannot prevail on a Civ. R. 60(B) motion or an issue that could have been corrected in the initial proceeding if he had brought it to the attention of the trial court or could have been corrected on appeal by this court. There was no appeal from the original judgment. Civ. R. 60(B) was not meant to be utilized in this manner. The Appellee had the opportunity to attack the validity of the trial court's judgment during the initial proceeding or the 30 days following the judgment entry by filing an appeal, that he elected not to follow either cause does not bring him within the parameters of Civ. R. 60(B). The trial court erred to the prejudice of Appellant when it vacated the May 20, 1988, order increasing child support. Appellant's assignments of error are sustained.

For the reasons stated above and upon the authorities cited and discussed the judgment of the Court of Common Pleas of Seneca County is reversed.

*Judgment reversed.*

MILLER, J., concur.

SHAW, P.J., dissenting.

I respectfully disagree with the holding of the majority that a trial judge abuses its discretion by granting a Civ. R. 60(B) motion to vacate his own prior judgment which the motion shows conclusively to be erroneous as a matter of law.

Specifically, I do not agree with the majority's conclusion that the circumstances of this case are necessarily outside the parameters of Civ. R. 60(B). On the contrary, I believe a ruling of the court which is subsequently discovered to be in direct conflict with a statutory requirement could reasonably be considered either a "mistake" (of law) under 60(B)(1) or "any other reason justifying relief from the judgment" under 60(B) (5).

Nor can I accept the conclusion of the majority that the absolute statutory bar to a unilateral motion for increased child support in this case is not meritorious defense under *Argo Plastic Products Co. v. Cleveland, supra*. I would readily agree that such a defense could have been construed by the trial court as having been waived, both by the failure of the appellee to assert it at the original hearing and his subsequent failure to file a timely notice of appeal from the original decision of the trial court. On the other hand, I do not believe the trial court was compelled to deny the 60(B) motion on the basis of such a waiver. Rather, I believe such a ruling was within the discretion of the trial court. The trial court chose not to invoke waiver as a bar to the defense. By now choosing to invoke the waiver, we have simply substituted our judgment for that of the trial court on a discretionary matter.

Finally, I am not convinced that the authorities cited by the majority are directed to the circumstances of this case. With the exception of our own *Freeman* decision, the remaining cases involved blatant attempts to re-open a prior judgment for the sole purpose of allowing a previously untimely or unfiled notice of appeal. Indeed, those cases, unlike the case before us, primarily involved efforts to vacate and then *reinstate* the same judgment.

On the other hand, the *Freeman* decision simply holds that an "abuse of discretion" claim does not constitute a ground for relief under Civ. R. 60(B)(1)(5). However, the present case has not reached the stage of *Freeman, supra*. In other words, it remains a matter of speculation as to whether the appellee here would have attempted to improperly broaden the scope of his appeal to address the original judgment had he been denied 60(B) relief. However, I believe the proper

time to address that issue is when such an appeal is actually before us.

Likewise the *Farmers Production Credit Assn. of Ashland* decision cited by the majority also involves an attempt to "reopen" a summary judgment (which had been affirmed on appeal) in order to assert a defense which was purportedly based upon a regulation but was apparently in considerable factual dispute and expressly found not to be meritorious on either ground. *Id.* at 74-75. In my view, a Civ. R. 60(B) motion alleging a summary judgment was "incorrectly decided" based upon the trial court's failure to consider a possible dispute of fact is clearly distinguishable from a Civ. R. 60(B) motion which demonstrates conclusively that a prior order of the court is directly contrary to statutory law, I believe the trial court should be allowed the discretion to resolve the latter situation.

The issue in this case is simply whether the trial court may grant 60(B) relief when confronted with a prior ruling of that court which is established to be erroneous as a matter of law. By determining such action to be an abuse of discretion, the majority today effectively removes that prerogative from the trial judge. I am not comfortable with that proposition. Nor am I convinced that such a decision is necessary under Civ. R. 60(B).

For these reasons, I would affirm the decision of the trial court in this case.