HOFFMAN et al., Appellees,

v.

NEW LIFE FITNESS CENTERS, INC., Appellant.

[Cite as *Hoffman v. New Life Fitness Centers, Inc.* (1996), 116 Ohio App.3d 737.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5-96-21.

Decided Dec. 18, 1996.

*William Fadel* and *Kathleen M. Sasala,* for appellees.

*Sarah A. Mc Hugh,* for appellant.

---

SHAW, Judge.

New Life Fitness Centers, Inc., appellant, appeals from the judgment of the Court of Common Pleas of Hancock County denying the appellant's Civ.R. 60(B) motion to vacate the court's prior default judgment against appellant.

On May 7, 1993, plaintiffs-appellees, Regina and Joseph Hoffman, filed this action against the appellant alleging that Regina had contracted herpes simplex Type II while using a tanning bed at its Findlay, Ohio facility in June 1992. The record indicates that the attempt at service by certified mail to appellant's main office in Dayton, Ohio was returned "refused." On June 2, 1993, a copy of the summons and complaint was then sent by ordinary mail, which was not returned. The appellant filed no response to the complaint.

On July 16, 1993, appellees moved for a default judgment against appellant. Notice of the motion for default and following hearing was sent by ordinary mail to appellant at the Dayton address. This notice was returned marked "moved, left no address—unable to forward." On August 17, 1993, appellees obtained a default judgment against appellant.

After notice of a hearing to determine damages was issued by publication, the damages hearing was held and in its October 8, 1993 entry, the trial court awarded appellees $200,000 plus interest at the rate of ten percent from September 30, 1993.

On December 23, 1993, appellant moved the trial court for relief from the default judgment pursuant to Civ.R. 60(B). On February 9, 1994, Century Surety Company filed a motion to intervene together with its proposed intervenor's complaint seeking a declaratory judgment of its duty to defend or indemnify the appellant. The trial court granted the insurance company's motion to intervene and file its complaint. Subsequently, in its entry dated June 14, 1996,

the trial court denied appellant's motion, finding that appellant was not entitled to relief under Civ.R. 60(B).

Appellant now appeals from the trial court's decision and raises the following two assignments of error:

"The trial court abused its discretion in denying the motion to set aside a default judgment pursuant to Rule 60(B).

"The trial court failed to grant an evidentiary hearing on the Civ.R. 60(B) motion."

In its first assignment of error, appellant raises an issue as to whether service of notice was accomplished when appellant claims its corporate existence ceased before the complaint was filed.

Civ.R. 4.6(C), which is the refusal of certified mail provision, states that ordinary mail service "shall be deemed complete when the fact of mailing is entered of record." Considering service complete when notice by ordinary mail has not been returned is constitutionally valid. See *Akron v. Gay* (1976), 47 Ohio St.2d 164, 1 O.O.3d 96, 351 N.E.2d 475. However, where service of process has not been accomplished, any judgment rendered is void *ab initio*. *Sampson v. Hooper Holmes, Inc.* (1993), 91 Ohio App.3d 538, 540, 632 N.E.2d 1338, 1339–1340; see, also, *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941. The authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather is an inherent power possessed by Ohio courts. *Id.*, paragraph four of the syllabus. The trial court's denial of a motion to vacate a default judgment will not be overturned absent an abuse of discretion. *Terwoord v. Harrison* (1967), 10 Ohio St.2d 170, 171, 39 O.O.2d 167, 168, 226 N.E.2d 111, 112.

If the appellant was not properly served notice of the complaint against it, then the default judgment rendered is void, and it is not necessary for this court to determine whether appellant meets the requirements for relief from judgment set forth in Civ.R. 60(B). In support of its motion for relief from the default judgment, appellant submitted the affidavit of Ronald Martin, former president and general manager of the New Life Fitness Centers, Inc., stating that the corporate entity ceased to exist in March 1993 when its assets were sold to an entity called Mid–America. Martin further stated that he resigned on March 10, 1993 and thereafter was no longer associated with either New Life or Mid–America. In his deposition testimony, Martin stated that he did not have any knowledge of the filing of this lawsuit until sometime in the summer of 1993.

In addition, our review of the record reveals that appellant's sunbed insurance carrier, Century Surety Company, submitted a certified copy of the policy of insurance with its intervenor's complaint, which indicates that the named insured

was changed to Mid–America Fitness Center Management Company effective April 10, 1993.

As noted earlier, the original service by certified mail was to appellant's Dayton address in May 1993 and was returned "refused." This was followed by ordinary mail service to the same address on June 2, 1993. Subsequently, the notice of the motion for default and hearing was also sent by ordinary mail to appellant in July 1993 at the Dayton address and was returned marked "moved, left no address— unable to forward."

Given this chronology of events, we believe that the record in this case indicates that there was sufficient evidence to overcome the presumption of proper service created by appellees' compliance with Civ.R. 4.6(C). Accordingly, we find that the default judgment was void *ab initio*. For this reason alone, the trial court erred in denying appellant's motion to vacate the default judgment and subsequent damages judgment.

To this extent only, appellant's assignments of error are well taken, the trial court's judgment denying appellant's motion is reversed, and the matter is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT and EVANS, JJ., concur.