In re Appropriation for Highway Purposes: Masheter, Dir. of Hwys., Appellant, v. Yake et al., Appellees.

[Cite as Masheter, Dir. of Hwys., v. Yake, 9 Ohio App. 2d 327.]

328

(No. 1192—Decided March 15, 1967.)

*Mr. William B. Saxbe,* attorney general, *Mr. Ralph C. Godwin* and *Mr. Harry R. Paulino,* for appellant.
*Mr. Paul D. Michel,* for appellees.

Guernsey, P. J. This is an appeal on questions of law by the Director of Highways from a judgment entered on a verdict of a jury in an appropriation action. The director assigns error (1) in the admission of testimony concerning the moving of a right-of-way stake on the proposed eastern property line of the owners; (2) in failing to strike answers upon cross-examination, which were not responsive and which volunteered testimony as to the price of other lands purchased by the state of Ohio; (3) in the admission of testimony regarding comparable sales; and (4) in giving special charge No. 3 as requested by the owners.

Throughout the trial, over the objection of the director, evidence was adduced by the owner as to the removal of one stake within approximately six inches of the owner's garage and the placement, apparently in lieu thereof, of another stake approximately six feet from the owner's garage. There is no doubt that the owner had the right to submit evidence to the jury as to the actual location of the boundaries of the land to be appropriated and, if there was any doubt as to such location,

could submit evidence of the position of stakes to establish same. Evidence of "change" of position, however, has nothing to do with the *assessment* of compensation and damages, which is the only issue before an appropriation jury. However, as some of the confusion of location of boundaries was generated by the state's filing a plat showing the location of a house on the residue but not showing the location of the garage thereon, and the state's using another plat in negotiations with the owner showing the garage erroneously located in relation to the right-of-way line, it appears, under these circumstances, that the admission of such evidence was explanatory of location rather than erroneously prejudicial. We find appellant's first assignment of error not well taken.

Appellant's second assignment of error concerns the refusal of the trial court to strike from the consideration of the jury an answer, made by an expert witness on cross-examination by the director as to his (the witness's) knowledge of comparable sales used in his determination of market value, that the "state of Ohio bought a house off of Charles E. Sims for $15,000." It was then elicited that the property was bought by the state "in negotiation for highways," and the court again refused to strike this evidence of sales price from the consideration of the jury. Although there are many factors which enter into the determination of valuation in an appropriation proceeding and though much must be left to the discretion of the trial court in admitting or rejecting evidence relating to the value of appropriated property, nevertheless the ultimate issue of compensation and damages is related to fair market value, which by time honored definition is the price which would be agreed *at a voluntary sale* by an owner willing to sell to a purchaser willing to buy. 19 Ohio Jurisprudence 2d 534, Eminent Domain, Section 117, and authorities therein cited. A negotiated sale to the state of Ohio of land to be used for highway right of way is not a voluntary sale, for the state has to have the land and the seller has to sell or undergo proceedings in eminent domain. The price resulting has no direct relation to fair market value and does not constitute proof thereof. The court abused its discretion and committed error prejudicial to the appellant in refusing to strike this evidence from consideration of the jury. See, also, *Naftzger* v. *State,* 24 Ohio App. 183, and

29A Corpus Juris Secundum 1210, Eminent Domain, Section 273, note 67.1.

In his third assignment of error the Director of Highways complains of the court, over objection, repeatedly permitting the attorney for the owner, upon cross-examination of the state's witnesses as to their knowledge of comparable sales, to pose questions to the effect, "Do you have any record of recent sale from Jessie Wyantt to Ed Barringer—the second house east of the old church *which sold for $10,600.00,* within the last three weeks?" (Emphasis added.) Prior to such questions these sales had not been established by the owner's witnesses or by the state's witnesses as being comparable sales, except for one sale from Frank H. Miller (Noe?) to Mary Hapner on July 18, 1964, which had been testified by the owner's witness McClellan by description and price as being a comparable sale. The applicable rule is fully set forth in *Morison* v. *Cleveland,* 17 C. C. (N. S.), 427, 429, 32 C. D. 215:

"We hold that, while it is not improper upon cross-examination of a witness, who has, on direct examination, given his opinion of the value of land sought to be appropriated to inquire of him concerning the sales of adjacent lands, for the purpose of testing his knowledge and competency, it is not ordinarily permissible to incorporate into such inquiries a statement or assumption that such sales at prices named have in fact occurred. Besides being peculiarly liable to abuse through false assumptions, that form of cross-examination [is] extremely prejudicial in that it suggests to the jury a line of information and a means of arriving at their award which the law denies to them, and to meet which the opposite party is permitted to produce no evidence. This prejudice is largely avoided, or neutralized, where the witness, under cross-examination, knows of the sales and prices asked for, and himself testifies thereto, so that the amounts paid are revealed, if at all, not by the question, but by the answer. If the witness neither knows nor assumes to give the facts as to such sales his ignorance thereof may, of course, be considered by the jury in weighing his opinion of the value of the property sought to be appropriated. But if the witness knows and testifies to the prices obtained at other sales, and the correctness of his opinion of the value of the property sought to be appropriated is thereupon, and for that reason, directly

questioned by the cross-examiner, no doubt the witness may reconcile his opinion with his knowledge as best he may. Thus the jury is prevented from being unfairly misled by covert intimations of sales and prices concerning which no evidence is admissible, while the amplest latitude of cross-examination is allowed to test the knowledge and competency of expert witnesses as to values testified to in chief by them.''

Approving and following the quoted rule, we hold that the trial court committed error prejudicial to the appellant in refusing to sustain his objections to the questions of the owner's counsel, which assumed comparable sales at stated prices when such sales had not been previously testified to and no proper foundation had been laid to show the sales to be comparable.

Appellant's fourth assignment claims error of the court in giving the following special charge to the jury:

''In determining *damages* to be awarded in this case, you can take into consideration every element of annoyance, inconvenience, danger, noise, fear, and interference with enjoyment and use of home, and disadvantage resulting from the *construction* and maintenance of the non-access highway which would influence *any intended purchaser's* estimate of the market value of such property.''

There is substantial authority that when there is an actual partial take of private property for a public use, which public use creates elements of personal annoyance and inconvenience such as set forth in the foregoing instruction, which particularly affect the market value of the residue of the property, such elements may be considered in determining the market value of the residue and indirectly the damages thereto. *Ohio Public Service Co.* v. *Dehring,* 34 Ohio App. 532; *Smith* v. *Erie Rd. Co.,* 134 Ohio St. 135, and authorities therein cited; *State, ex rel. Royel,* v. *Columbus,* 3 Ohio St. 2d 154; and 29A Corpus Juris Secundum, 729, Eminent Domain, Section 171. There is also substantial authority that, to be considered by a jury, such elements must specially affect the residue of the property in question to a greater degree than is common to all the property in the neighborhood. However, even if the jury could consider these elements in their determination of market value and damages, the instruction here given would be improper for it

purports to permit recovery for such elements of damage resulting from *construction*, as well as maintenance, and as would influence *any intended purchaser's* estimate of market value. Unless unduly prolonged, mere elements of annoyance, noise, inconvenience and interference of temporary duration during the construction of an improvement and common to the public are not recoverable as damages in an appropriation action. *Colonial Furniture Co.* v. *Cleveland Union Terminal Co.*, 47 Ohio App. 399, error dismissed, 128 Ohio St. 123. Not being permanent in nature they do not last beyond the completion of the improvement, have no effect on the market value of the property before the improvement, and have no effect upon the market value of the residue thereafter, which market values provide the outside limits of recovery. Nor is market value, or damages, determined by the influence these elements would have on *any intended purchaser*. Some prospective purchasers would be influenced or react differently to such elements than would others, even to the extent of being arbitrary. A nervous person might not be able to stand noise, whereas a deaf person would not be bothered. A childless or bold person would not fear the proximity of fast moving traffic to the extent that a timid person or one with several young children would. A person having no car would not be as concerned about access to his property as would a person owning a car. The test of influence or consideration relates not to *any intended purchaser* but to *an ordinarily prudent business man*. Every element that can fairly enter into the question of value, and which an ordinarily prudent business man would consider before forming judgment in making a purchase, enters into the determination of market value, and thereby into the determination of damages. *In re Appropriation for Highway Purposes*, 6 Ohio App. 2d 6. We conclude that the special instruction did not properly state the law and that the trial court committed prejudicial error in giving same.

For the errors prejudicial to the appellant the judgment is reversed and the cause remanded to the Court of Common Pleas for new trial and for further proceedings as provided by law.

*Judgment reversed.*

Younger and Middleton, JJ., concur.