BOARD OF EDUCATION, CUYAHOGA FALLS CITY SCHOOL DISTRICT, APPELLANT, v. DUDRA ET AL., APPELLEES.

(No. 68-512—Decided July 16, 1969.)

118

*Mr. William B. Pike*, director of law, and *Mr. William P. Holder, Jr.*, for appellant.

*Mr. Max W. Johnstone* and *Mr. Richard V. Zurz*, for appellees.

DUNCAN, J. In *Cincinnati* v. *Bossert Machine Co.*, 16 Ohio St. 2d 76, we clearly announced the mandate under the provisions of Section 163.08, Revised Code, that no extension of time for filing an answer shall be granted to a defendant whose property is the subject of a petition for appropriation by a public agency. In comment regarding Sections 5519.02 and 163.08, Schneider, J., at page 78, reasoned: "In either case, the purpose of the respon-

sive pleading is to raise the issue of proper valuation.'' In the *Bossert Machine Co. case,* the petition stated an alleged value of the property to be appropriated.

Have appellees herein, by failing to file an answer, waived their rights under Section 19, Article I of the Constitution, to have a jury fix the compensation of property sought to be appropriated?

Section 163.09(A), Revised Code, provides in part that ''if no answer is filed pursuant to Section 163.08 of the Revised Code * * * the court on motion of a public agency shall declare the *value* of the property taken and the damages, if any, to be as *set forth in any document properly filed with the clerk of courts, by the public agency.*'' (Emphasis supplied.)

Admittedly, the board of education did not set forth in any document properly filed with the clerk of courts the value of the property taken until two days after answer day.

The procedure provided in Section 163.09(A), *supra,* is different from that regularly used when judgment by default is entered. The ordinary procedure allows the trial court discretion as to the manner in which damages are assessed or value established. See Section 2323.11, Revised Code.

We believe that the special legislative departure from the usual rule concerning default was intended to accomplish an important objective. In proceedings under Section 163.09, Revised Code, the General Assembly specially provided a means whereby a property owner may consult documents filed with the clerk of courts and immediately determine the value he will be paid for the property appropriated. He may choose to answer or decline to answer, knowing that he will receive an amount certain. If an appropriating agency does not reveal the value it places on the property until answer day passes, the property owner would have no means by which to intelligently decide whether to forego a jury determination. Appellees, and those similarly situated, have a right to rely on Sec-

tion 163.09(A), Revised Code. To allow a public agency, in an appropriation proceeding, to assign no monetary value to the property, await the passing of answer day, and thereafter provide a unilateral appraisal and obligate the property owner to accept that amount by operation of law, would be grossly unfair. The failure to timely place a value on the property cannot be relied upon by the appropriating agency to remove that item from issue to its advantage. The agency's right to have the court declare the value of the property, where no answer is filed, as provided by Section 163.09(A), *supra,* of necessity, is conditioned upon its setting forth an assigned value of the property in a document, properly filed with the clerk of courts a *reasonable* time before answer day. Failure to meet this requirement constitutes a waiver of the right to have the court declare the value of property and the damages on motion.

In the instant case, only after appellees had gained knowledge of the value assigned by the board of education was the issue of proper valuation raised. Thereafter, appellees were entitled to their right under Section 19, Article I of the Constitution, to have a jury fix the amount of compensation for the property.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

Taft, C. J., Matthias, O'Neill, Leach and Herbert, JJ., concur.*

Leach, J., of the Tenth Appellate District, sitting for Schneider, J.

---

*This decision was made after the death of Justice Zimmerman and before the appointment of a successor.