WRAY, Dir. of Transp., Appellant,

v.

DETERS et al., Appellees, et al.

[Cite as *Wray v. Deters* (1996), 111 Ohio App.3d 107.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950512.

Decided May 15, 1996.

*Betty D. Montgomery,* Attorney General, and *J.C. Lavender–Che,* Assistant Attorney General, for appellant.

*Michael G. Florez,* for appellees.

PAINTER, Judge.

## I. Facts

Ohio Department of Transportation ("ODOT") appropriated a portion of defendants-appellees Donald and Linda Deters's backyard for a permanent easement for a sewer line and a temporary easement to install the sewer line. The property is the residence of the Deterses and their young children. The relocation of the sewer line was necessitated by nearby construction of the cross-county highway, now the Ronald Reagan Highway.[1] The only issue was the amount of compensation for the taking. The permanent easement consisted of 975 square feet adjacent to the Deterses' home. The temporary easement to install the sewer consisted of 558 square feet and required the digging of a trench twenty feet deep and seven feet wide within nine feet of the Deterses' home, with the attendant dirt, noise, and disruption for a possible period of three years. Before trial, the court granted the motion *in limine* of plaintiff-appellant Jerry Wray, Director of Transportation, state of Ohio, to exclude evidence of damages for annoyance, inconvenience, interference and loss of use of the property. At trial, the Deterses' expert valued the permanent easement at $17,550 and the temporary easement at $12,042[2] for a total of $29,592. ODOT valued the permanent easement at $2,750 and the temporary easement at $390[3] for a total of $3,140. Following a bench trial, the court awarded the Deterses $15,125, plus interest. The director appealed.

In three assignments of error, the director argues that the trial court improperly (1) rendered a judgment based upon uncompensable elements, as set out in the director's motion *in limine*, (2) failed to state the value of the land and damage to the residue separately in the judgment, and (3) entered a judgment against the manifest weight of the evidence. We overrule all three assignments for the reasons that follow.

## II. Compensable Elements From Temporary Taking of an Easement

■ First, the director argues that the trial judge improperly considered the elements of annoyance, inconvenience and temporary loss of use ("temporary

1. The cross-county highway project began when this writer was in elementary school and Ronald Reagan was in movies, yet the project is not completed.

2. $5,850 was assessed as land value for the temporary easement, and $6,192 for the loss of use over three years.

3. ODOT's estimate for the temporary easement is for the land value only. The director asserts that loss of use is impermissibly included in the Deterses' calculations. ODOT's estimate for the temporary easement totals less than $11 per month.

nuisance") in determining the fair market value of the temporary easement. In support of his argument, the director cites *Hurst v. Starr* (1992), 79 Ohio App.3d 757, 607 N.E.2d 1155, motion to certify overruled (1992), 65 Ohio St.3d 1421, 598 N.E.2d 1172, *Colonial Furniture Co. v. Cleveland Union Terminal Co.* (1934), 47 Ohio App. 399, 191 N.E. 903, and *Masheter v. Yake* (1967), 9 Ohio App.2d 327, 38 O.O.2d 384, 224 N.E.2d 540. However, the director's reliance on these cases is misplaced, as these cases are factually distinguishable from the case at bar.

In *Hurst*, the court was faced with the issue of whether the elements of danger, annoyance, increased noise and the like were compensable as damages to the residue from a *permanent* taking for the widening of a highway, which caused the house on the property to be substantially closer to the road. The court held that those elements were compensable as damages to the residue, but commented in dicta that elements of damage resulting from the construction itself, such as annoyance, noise and inconvenience, were not compensable as damages to the residue from a *permanent* taking, not a temporary taking. 79 Ohio App.3d at 764, 607 N.E.2d at 1159. In *Colonial Furniture*, the court held that temporary inconvenience of an adjoining landowner caused by construction of a tunnel did not constitute either a permanent or temporary taking. 47 Ohio App. at 406, 191 N.E. at 906. In *Masheter*, the court held that elements of temporary annoyance, noise, inconvenience and interference with the use of property were not recoverable when *common to the public* and not unduly prolonged, also in a permanent, rather than a temporary, taking. 9 Ohio App.2d at 332, 38 O.O.2d at 388, 224 N.E.2d at 543.

The courts in these cases refused to compensate for temporary nuisances in actions concerning permanent easements and damages to the residue, or refused to recognize the appropriation of a temporary easement at all.[4] However, in the case at bar, there is no dispute that a temporary easement was appropriated, nor is there any assertion that the temporary nuisance issues were relevant to the permanent easement portion of the appropriation. The issue before us is whether the temporary nuisance elements are compensable in a *temporary taking.*

In *Wray v. Parsson* (1995), 101 Ohio App.3d 514, 655 N.E.2d 1365, the Ninth District Court of Appeals squarely addressed this issue, and held that evidence of temporary inconvenience, dirt, noise and the like is admissible in determining the value of a temporary easement. The *Parsson* court stated, "It would be unrealistic to ignore such factors in determining the fair market value of a

---

4. As the director has aptly demonstrated, nuisance elements have little applicability to assessing the value of a permanent easement, precisely because of the temporary nature of these elements.

temporary easement. * * * [S]uch temporary conditions that impair the enjoyment of the residue are properly considered in determining the fair market value of a temporary taking because they are the kinds of factors that an ordinarily prudent business person would consider in establishing rental value." *Parsson, supra,* 101 Ohio App.3d at 519, 655 N.E.2d at 1368.

In this case, the trial court permitted evidence regarding the temporary nuisance only as it concerned the temporary taking, and not on the permanent taking or damage to the residue. According to *Parsson,* the trial court correctly considered evidence of the temporary nuisance elements when determining the value of the temporary taking.

We believe that this approach makes good sense, because the value of vacant land on the open market rented for the purpose of installing a sewer is vastly different from the value of a residential backyard rented for the same purpose. Few, if any, landowners would rent their backyards on the open market for sewer installation without considering the attendant dirt, noise, and disruption that the landowner must endure and without a corresponding adjustment in price to compensate for that nuisance. Here, the Deterses and their young children were to endure a trench through their backyard that measured seven feet wide and twenty feet deep within nine feet of their house with all the attendant noise, danger, annoyance, dirt and disruption of life, potentially for a period of three years. To contend, as the director does, that the fair market value is determined as if the land were a vacant field is preposterous. Space for young children is more valuable than space for field mice. Therefore, rather than "strike down the *Parssons* holding" as the director requests, we add our voice to its logic.

The director further argues that the trial court abused its discretion by granting his motion *in limine,* then subsequently considering evidence of the temporary nuisance. This argument lacks merit, as motions *in limine* are prospective and are not dispositive as to the final admissibility of evidence. *Krosky v. Ohio Edison Co.* (1984), 20 Ohio App.3d 10, 14, 20 OBR 10, 16, 484 N.E.2d 704, 709. We have already stated that the trial court acted appropriately when it carefully considered the evidence only as it affected the temporary taking. We believe that the trial judge did an excellent job of parsing evidence as it related to each portion of the total amount of compensation. Accordingly, the first assignment of error is overruled.

### III. Court Has No Duty to Set Out Separate Values for Each Component of the Award

In his second assignment of error, the director argues that the trial court erred by failing to separately state the value of the land and damages to the residue. The director asserts that R.C. 163.14 requires triers of fact to separate-

ly assess compensation for property appropriated and damages to the residue. However, this statute has no applicability in a bench trial but, rather, speaks only to jury verdicts.[5]  See R.C. 163.14.

■  The director could have used Civ.R. 52 to request findings of fact and conclusions of law to obtain a separate assessment by the trial court.[6]  The director failed to request separately stated values for the appropriated land and the damage to the residue, and, in fact, counsel for the director prepared the judgment entry.  Surely if the director felt that separate findings were appropriate, the trial judge should have been advised at the time when any alleged error could easily have been corrected.  Because the director raised this issue only upon appeal, we hold that any possible error is waived.  *LeFort v. Century 21–Maitland Realty Co.* (1987), 32 Ohio St.3d 121, 512 N.E.2d 640.  Consequently, the second assignment of error is overruled.

## IV.  Manifest Weight of the Evidence

·■  In his third assignment of error, the director argues that the judgment is against the manifest weight of the evidence.  A civil judgment will not be reversed upon the weight of the evidence if it is supported by some competent, credible evidence, because evidence is weighed by the trier of fact.  *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614 N.E.2d 742.

Experts in valuation for both the Deterses and the director gave various estimates in value for the easements based on a number of variables.  Because the director did not invoke Civ.R. 52, and the trial court did not break down the amounts by line item, we cannot determine what evidence concerning each of the three separate compensable items that the trial court found important.  However, as the judgment fell between the amount proposed by the director and the amount sought by the Deterses, and the record reflects extremely competent work by the trial judge in all respects, we certainly cannot say that competent, credible evidence did not support the judgment.  See *Becos v. Masheter* (1968),

---

5.  Section 19, Article I of the Ohio Constitution states that in appropriations cases, "compensation shall be assessed by a jury."  However, in *Bethesda Hosp. Assn. v. Preston* (1963), 175 Ohio St. 277, 281, 25 O.O.2d 112, 115, 194 N.E.2d 139, 141, the Supreme Court of Ohio stated that parties in an appropriation case may waive the jury provision by stipulation or agreement.  A waiver of jury assessment is in the record in this case.

6.  The director cited Civ.R. 1(C)(2) during oral argument to assert that the Civil Rules did not apply in this case.  However, a reading of this rule demonstrates that the Civil Rules do not apply to appropriation of property cases only to the extent that the rule in question is inherently inapplicable.  Civ.R. 52 is applicable in this situation.

15 Ohio St.2d 15, 44 O.O.2d 9, 238 N.E.2d 548. Thus, we overrule the third assignment of error.

## V. Conclusion

We hold that (1) items of inconvenience, annoyance, dirt, noise and other nuisance elements are properly considered in determining the fair market value of a temporary easement; (2) in a case tried to a bench, a separate statement of amounts for the permanent easement, temporary easement, and damage to the residue is not required in the absence of a proper request therefor; and (3) the judgment was not against the manifest weight of the evidence. Having overruled all three assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

MARIANNA BROWN BETTMAN, P.J., and DOAN, J., concur.