**WRAY, Dir., Appellant,**

v.

**ALLIED INDUSTRIAL DEVELOPMENT CORPORATION et al., Appellees.**

[Cite as *Wray v. Allied Indus. Dev. Corp.* (2000), 138 Ohio App.3d 362.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 99 CA 246.

Decided Aug. 11, 2000.

*Betty D. Montgomery,* Attorney General, and *John Thorne, Jr.,* Assistant Attorney General, for appellant.

*Charles Dunlap,* for appellees.

VUKOVICH, Judge.

The state of Ohio appeals from a judgment, entered after a bench trial in the Mahoning County Common Pleas Court, that ordered that appellee Allied Indus-

trial Development Corporation be compensated $50,000 for appropriation of its property. For the following reasons, the trial court's judgment is reversed, and this cause is remanded for a new trial before a jury.

## STATEMENT OF FACTS

On July 14, 1997, the state filed an action under R.C. Chapter 163 to appropriate property owned by appellee for purposes of improving a public highway. The state deposited $1,050 with the court, representing the amount it determined was the fair market value of the affected property. On July 31, 1997, appellee filed an answer stating that it had no objection to the appropriation but that the deposit was inadequate compensation due to the alleged existence of minerals underlying the property to be appropriated.

On October 26, 1998, a jury was empaneled, and the trial began with opening statements and testimony. The following day, appellee made an oral motion for mistrial on the grounds that the case should be tried to the court, since neither party filed a jury demand as required by Civ.R. 38(B). The court granted a mistrial over the state's objections. The case was then tried to the court in June 1999. The court's August 5, 1999 judgment entry ordered the state to pay appellee $50,000 as compensation for the appropriation. The state filed timely appeal to this court setting forth two assignments of error.

## ANALYSIS OF ASSIGNMENT OF ERROR NUMBER ONE

■ Under its first assignment of error, the state maintains that the trial court erred by refusing to allow the case to proceed as a jury trial. In support of that contention, the state argues that it did not waive its right to a jury trial by failing to file a jury demand because there is an automatic right to have a jury empaneled to decide compensation in an appropriation case pursuant to R.C. Chapter 163.

■ The right to a jury trial in the case of an appropriation by the state is established in Section 19, Article 1 of the Ohio Constitution, which provides:

"Private property shall ever be held inviolate, but subservient to the public welfare. When taken in time of war or other public exigency, imperatively requiring its immediate seizure, or for the purpose of making or repairing roads, which shall be open to the public without charge, a compensation shall be made to the owner, in money, and in all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money, and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner." (Adopted 1851.)

As is apparent from reading this clause, the right to a jury trial applies to both the state and the property owner.

■ Generally, where there is a right to trial by jury, a party must file a timely demand for a jury or that party waives its right to have the case heard by a jury. Civ.R. 38(B) and (D). We acknowledge that the right to a jury is a substantive right and the manner of exercising this right is procedural. However, the Civil Rules themselves state that particular rules shall not apply to the procedure in an appropriation action if "they would by their nature be clearly inapplicable." Civ.R. 1(A) and (C)(2). Hence, we must analyze whether the jury demand requirement in Civ.R. 38 is clearly inapplicable to the procedure in an appropriation action. See *Cleveland Elec. Illum. Co. v. Astorhurst Land Co.* (1985), 18 Ohio St.3d 268, 272, 18 OBR 322, 480 N.E.2d 794, 799 (agreeing that this is the proper analysis in a case dealing with jury instructions in a land appropriation proceeding).

■ In this case, the state filed a petition for appropriation per R.C. 163.05. Appellee then filed a timely answer that specifically consented to the appropriation but denied that a sufficient amount of compensation had been deposited by the state. Under R.C. 163.09(C):

"When an answer is filed pursuant to section 163.08 of the Revised Code, and none of the matters set forth in division (B) of this section is specifically denied,[1] *the court shall fix a time within twenty days from the date the answer was filed for the assessment of compensation by a jury.*" (Emphasis and footnote added.)

This statute orders the court to set a jury trial on the issue of compensation when an answer is timely filed. It is apparent that the statute provides an automatic right to a jury trial, making Civ.R. 38 clearly inapplicable. See, also, R.C. 163.22 (stating that proceedings under R.C. 163.01 to 163.22 are governed only by the law applicable in civil actions if the noted sections do not provide otherwise).

Furthermore, the Ohio Supreme Court has addressed the issue of waiver of the right to a jury in an appropriation case. *In re Appropriation for Hwy. Purposes*

---

1. Division (B) provides that the court shall hold a hearing if the answer specifically denies, in the manner provided in R.C. 163.08, the right to make the appropriation, the inability of the parties to agree or the necessity for the appropriation. Appellee's answer denied paragraph three of the state's petition, which stated that it was unable to agree with the owners of the property. However, R.C. 163.08 prohibits this type of denial in a case, such as the case at bar, where the property is taken for the purpose of making or repairing roads that are open to the public without charge. Even if this type of denial were permitted, R.C. 163.09(B) requires a determination by the court on the specific matter denied and then mandates, "the court shall set a time for the assessment of compensation by the jury within twenty days from the date of the journalization of such determination."

*(Bethesda Hosp. Assn. v. Preston)* (1963), 175 Ohio St. 277, 25 O.O.2d 112, 194 N.E.2d 139. When noting that a jury should not be forced upon litigants who do not wish to utilize it, the court likened the issue to the ability of a felony defendant to file a waiver of the automatic right to a jury trial. *Id.* at 281, 25 O.O.2d at 114, 194 N.E.2d at 141–142. See, also, Crim.R. 23(A). The court specifically held that the right to a jury in appropriation cases may be waived "by stipulation or agreement" of the parties. This decision implies that a jury is an automatic feature of an appropriation action. See, also, *Wray v. Deters* (1996), 111 Ohio App.3d 107, 112, 675 N.E.2d 881, 884, fn. 5 (citing *Bethesda* and noting that a bench trial was appropriate only because the record contains a waiver of assessment of compensation by a jury). We should note that *Bethesda* was decided prior to the adoption of Civ.R. 38 in 1970. However, the holding in *Bethesda* implies that there was an automatic jury entitlement to assess compensation, and R.C. Chapter 163 which was also enacted in 1966 after *Bethesda*, clearly requires the court to schedule a jury to assess compensation regardless of whether a party files a demand for one.

We shall also address the case of *Cincinnati v. Bossert Machine Co.* (1968), 16 Ohio St.2d 76, 45 O.O.2d 420, 243 N.E.2d 105, which appellee construes as being favorable to its position. This case stated that the right to a jury trial may be waived by failing to follow procedures set forth by the legislature for obtaining a jury. *Id.* at 79, 45 O.O.2d at 421–422, 243 N.E.2d at 107. The procedure that the court was addressing is contained in R.C. 163.09(A), which permits the court to award the amount of compensation offered by the state in its petition if the property owner fails to answer and the state files a motion. *Id.* at 78, 45 O.O.2d at 420–421, 243 N.E.2d at 106–107. We acknowledge that like *Bethesda*, this case was decided prior to the promulgation of Civ.R. 38. However, by stating that noncompliance with the answer provision of R.C. 163.08 validly resulted in a waiver of the right to a jury, the court impliedly demonstrated that a jury was an automatic right in cases where an answer is timely filed. See, also, *Cuyahoga Falls City School Dist. Bd. of Edn. v. Dudra* (1969), 19 Ohio St.2d 116, 48 O.O.2d 110, 249 N.E.2d 832 (upholding R.C. 163.09[A] and holding that a jury should be empaneled even where the property owner fails to answer if the state does not disclose its monetary offer in a court filing within a reasonable time prior to the answer deadline).

In conclusion, although Civ.R. 38(B) and (D) provide that the right to a jury trial is waived absent a timely demand, this provision must be read in conjunction with Civ.R. 1 which states that the Civil Rules shall not apply to the procedure in an appropriation action to the extent said rules "would by their nature be clearly inapplicable." Civ.R. 1(A) and (C)(2). Since a specific state constitutional provision (Section 19, Article I) and a specific statute (R.C. 163.09)

each mandate a jury in appropriation cases, conflicting provisions of the Civil Rules are "by their nature clearly inapplicable." Accordingly, we hold that while one generally has a right to a jury in civil matters only upon proper demand, in an appropriation action, such as the case at bar, one specifically has a right to a jury unless waived by agreement or by failing to file a timely answer. Here, appellee filed a timely answer and the state did not request a bench trial. Thus, there was no waiver of the automatic jury right.

 Moreover, we agree with the state's argument that even assuming *arguendo* it had waived its jury right by failing to so demand, appellee waived any right to object after consenting to the empaneling of the jury and the start of trial. Appellee cannot participate in voir dire of a jury panel, evaluate the composition of the jury, sit through opening statements and some testimony, note how the trial appears to be going, and then seek a mistrial for the lack of a jury demand.

Accordingly, the trial court erred when it declared a mistrial. The state's first assignment of error is sustained. Due to our resolution of this issue, we need not address the state's second assignment of error, which alleged that the trial court's judgment was against the weight of the evidence.

For the foregoing reasons, the judgment of the trial court is hereby reversed, and this cause is remanded to the trial court for a new trial to be heard by a jury.

*Judgment reversed*
*and cause remanded.*

GENE DONOFRIO and WAITE, JJ., concur.